(No. 2159— ▮▮▮▮▮)

CHARLES M. DAHLER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 9, 1934.*

HARDY, HARDY & HARDY, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

On April 26th, 1933 the claimant, Charles M. Dahler, filed his complaint in this court to recover compensation for injuries which were sustained by him on the 25th day of February, A. D. 1928. It appears from the complaint that claimant was a State Highway Policeman and was injured on February 25th, 1928 on Route No. 41, two miles north of Avon, Illinois; that there had been an automobile wreck at that point, and claimant was flagging an approaching automobile in order to send word to the next town for a wrecker

to remove the damaged cars from the scene of the accident. The driver of the car which he was attempting to flag suspected a holdup and discovered his mistake too late to stop, and as a result thereof the automobile struck the claimant and knocked him down, breaking his leg at the ankle joint.

The complaint does not allege that any claim for compensation was made within six months after the accident. No compensation was paid, and the complaint on the face thereof shows that it was not filed within one year after the date of the injury.

The Attorney General has filed a motion to dismiss for the reason that no claim for compensation was made within six months after the accident, and no application was filed within one year after the date of the injury, as required by Section 24 of the Workmen's Compensation Act.

The jurisdiction of the Court of Claims in cases of this kind is derived from paragraph six (6) of Section six (6) of the Act commonly known as the Court of Claims Act (Cahill's Revised Statutes, 1933, Chapter 37, paragraphs 462-475) which provides that the Court of Claims shall have power "to hear and determine the liability of the State for accidental injuries or death suffered in the course of employment by any employe of the State, such determination to be made in accordance with the rules prescribed in the Act commonly called "The Workmen's Compensation Act", the Industrial Commission being hereby relieved of any duty relative thereto."

This court recently held in the case of *Crabtree* vs. *State of Illinois,* 7 C. C. R. 207, that the effect of the aforementioned Section of the Court of Claims Act is to incorporate into such Court of Claims Act, the terms and provisions of the Workmen's Compensation Act, so far as the same are applicable. Such being the case, it is incumbent upon the claimant to bring himself within the requirements of Section 24 of the Workmen's Compensation Act, with reference to making claim for compensation and filing application therefor.

The Supreme Court in numerous cases has held that the making of claim for compensation, and the filing of application for compensation within the time required by the statute, are conditions precedent to the right of the claimant to recover. *Inland Rubber Co.* vs. *Ind. Com.* 309 Ill. 43; *City of Rochelle* vs. *Ind. Com.,* 322 Ill. 386; *Duquoin School District* vs. *Ind. Com.,* 529 Ill. 543.

The claimant having failed to comply with the afore-mentioned requirements of Section 24 of the Workmen's Compensation Act, this court is without jurisdiction to proceed with the hearing. *Inland Rubber Co.* vs. *Ind. Com.*, 309 Ill. 43.

The motion of the Attorney General is therefore sustained and the case dismissed.